# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PREMIER KINGS, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: _____ |
| LYNDON SOUTHERN SPECIALTY INSURANCE COMPANY, | REMOVED FROM THE CIRCUIT COURT OF JEFFERSON COUNTY |
| Defendant. | State Case No.: 01-CV-2023-900497 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Lyndon Southern Insurance Company ("Lyndon Southern"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, and with full reservation of all rights and defenses, hereby removes this case from Circuit Court of Jefferson County, Alabama, Birmingham Division, where it is now pending as Case No. 01-CV-2023-900497, to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, Lyndon Southern states as follows:

### A.   Timeliness of Defendant's Removal

1.   On February 9, 2023, Plaintiff Premier Kings, Inc. ("Plaintiff") commenced this action against Defendant Lyndon Southern in the Circuit Court of Jefferson County, Ala., Birmingham Division, by e-filing a Civil Cover Sheet and Complaint, which are respectively DOCUMENT 1 and DOCUMENT 2 in the

280601984v.5

official state court electronic record, true and correct copies of which are attached hereto as part of composite **Exhibit 1**. *See* Exh. 1, pp. 2-6.[1]

2. With the Complaint having requested Certified Mail service by the state court clerk pursuant to Ala. R. Civ. P. 4(i), a service packet containing the Civil Cover Sheet and Complaint, along with a Notice of Electronic Filing and civil SUMMONS, *see* Exh. 1, pp. 8-9 (DOCUMENTS 3 & 4), were sent to Defendant at its Jacksonville, Florida corporate headquarters by Certified Mail, on or about February 10, 2023. *See* Exh. 1, pp. 16-17 (DOCUMENT 8).

3. Defendant was thereafter served on February 13, 2023 with the Civil Cover Sheet, Complaint, Notice of Electronic Filing, and Summons by Certified Mail, as reflected in the attached service return and corresponding Notices. *See* Exh. 1, pp. 23-25 (DOCUMENTS 11 & 12).

4. Removal is thus timely under 28 U.S.C. § 1446(b)(1), with this Notice filed within thirty (30) days of Defendant being served with process by Certified Mail on February 13, 2023.

B. **Complete Diversity of Citizenship**

5. Pursuant to 28 U.S.C. § 1332(a)(1), federal subject matter jurisdiction exists here because Lyndon Southern, as the only named Defendant, is completely

---

[1] Exhibit 1 contains true and correct copies of all filings contained in the official state court electronic record, as of the date of this removal.

diverse from the Plaintiff, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.

6. Plaintiff Premier Kings, Inc. is an Alabama corporation organized under the laws of Alabama with its principal place of business in Montgomery, Alabama, which owns and operates a restaurant in Fultondale, Jefferson County, Alabama. Thus, Plaintiff is a citizen of Alabama for diversity purposes.

7. Defendant Lyndon Southern Insurance Company is a Delaware corporation organized under the laws of Delaware, with its principal place of business in Jacksonville, Florida. Thus, Lyndon Southern is a citizen of Delaware and Florida for diversity purposes.

8. Complete diversity exists because Plaintiff, which holds Alabama citizenship, and Lyndon Southern, which holds Delaware and Florida citizenship, are citizens of different states.

C. **Amount of Controversy Exceeds $75,000**

9. As alleged in the Complaint, Plaintiff's case arises from a coverage dispute related to an alleged property damage loss caused by a tornado that occurred on or about January 25, 2021, at Plaintiff's restaurant located in Fultondale, Alabama. *See* Exh. 1, pp. 3-4 ¶¶ 1, 3 and 4.

10. Plaintiff claims "[t]he tornado began along Chapel Hills Parkway … tracked northeastward across Ellard Road and directly over the Walker Chapel road

overpass on interstate 65 … where the tornado began to intensify rapidly, snapping numerous power poles and causing substantial damage to a hotel, including Premier Kings, Inc.'s restaurant." *See id.*, pp. 3-4 ¶ 3.

11. Plaintiff further claims that "[d]espite fully complying with all terms and conditions of the policy, the defendant Lyndon Southern, has failed and refused to pay the claims due under the policy." *See id.*, p. 5 ¶ 4.

12. In its Complaint, Plaintiff asserts two counts—Breach of Contract and Bad Faith—seeking damages for amounts due under the policy and compensatory and punitive damages. *See* Exh. 1, pp. 4-5.

13. "The moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removal under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, No. 12-AR-2879-S, 2013 U.S. Dist. LEXIS 16675, at *2 (N.D. Ala. Feb. 7, 2013); *see also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs … who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court…."); *Seckel v. Travelers Home &*

280601984v.5

*Marine Ins. Co.*, No. 4:12-CV-4163-KOB, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013) ("Although [plaintiff] only specifically claimed $26,430 in actual damages in his state court complaint, the unspecified damages he seeks for his alleged emotional distress and unjust enrichment claims allow the Defendant to meet the amount in controversy requirement.").

14. Further, as noted above, Plaintiff's Complaint seeks punitive damages, which by their very nature can be large amounts. Plaintiffs often request punitive damages in terms of multiples of the underlying compensatory damages. Here, there is no question that the amount in controversy exceeds the $75,000 threshold. However, lest there be any doubt whatsoever, the damaged property that is the subject of the Complaint is a Burger King franchise restaurant had an assessed value for the structure alone in excess of $450,000 for Tax Year 2021.

### D. All Other Removal Requirements Satisfied

15. Pursuant to 28 U.S.C. § 1446(a), Lyndon Southern has attached a copy of the process, pleadings, and other documents as part of **Exhibit 1**.

16. Attached as **Exhibit 2** is Lyndon Southern's Notice to State Court of Removal that is being promptly filed with the Clerk of the Circuit Court of Jefferson County, Ala., Birmingham Division. In addition, Lyndon Southern will serve on this day a copy of the Notice to State Court of Removal on Plaintiff, the only other party to the removed action, via its counsel of record appearing in the state court action.

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted as an exhibit to Lyndon Southern's Notice to State Court of Removal for filing on this date with the Clerk of the Circuit Court of Jefferson County, Alabama, the state court in which the action is currently pending.

18. Based on the foregoing, Defendant Lyndon Southern hereby removes the action now pending in Circuit Court of Jefferson County, Ala., Birmingham Division, to this Court without waiver of any of its defenses.

WHEREFORE, Defendant Lyndon Southern Insurance Company hereby removes this Action from State Court and demands a jury trial.

Respectfully submitted on this day, March 8, 2023

/s/ *Andrew P. Walsh*
Andrew P. Walsh (asb-3755-w77w)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1500 Urban Center Dr., Ste. 450
Birmingham, AL 35242
(205)709-8990 Telephone
(205)709-8979 Facsimile
Andy.Walsh@wilsonelser.com

280601984v.5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of March, 2023, the following document was filed in person with the Clerk of the Court, and that a true and correct copy of the foregoing was served on the following via U.S. Mail postage prepaid or electronic mail and addressed as follows:

Mark W. Lee
PARSONS LEE & JULIANO, PC
600 Vestavia Parkway
Suite 300, Shelby Building
Birmingham, AL 35216
mlee@pljpc.com

                                                           /s/ *Andrew P. Walsh*
                                                           Andrew P. Walsh

280601984v.5