FILED

2023 Mar-14  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PREMIER KINGS, INC.,

    Plaintiff,

    v.

LYNDON SOUTHERN INSURANCE COMPANY,

    Defendant.

Civil Action No.: 2:23-cv-00282-GMB

## ANSWER OF LYNDON SOUTHERN INSURANCE COMPANY TO PREMIER KINGS, INC.'S COMPLAINT

NOW COMES Defendant Lyndon Southern Insurance Company ("Defendant") and hereby answers Plaintiff Premier Kings, Inc.'s Complaint:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant states it is a Delaware corporation with a principal place of business in Jacksonville, Florida. Further answering, Defendant admits it is an insurance company doing business in Alabama and that it issued a policy of insurance, Policy No. QSR1000076-01 ("Policy") with a policy period of March 29, 2020 to March 29, 2021.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Denied.

## COUNT I

## BREACH OF CONTRACT

5.      Defendant restates and incorporates herein its previous answers to paragraphs

1-4 of the Complaint.

6.      Defendant admits that it issued a policy of insurance, the Policy, and a claim

was filed against the Policy. Otherwise denied as alleged.

7.      Denied.

8.      Defendant admits that Plaintiff claims damages by way of this action, but

denies the remaining allegations that the property was within the coverage

provided by Section 1 subject to the exclusions, conditions and other terms of

the Policy.

## COUNT II

## BAD FAITH

9.    Defendant restates and incorporates herein its previous answers to paragraphs

1-8 of the Complaint.[1]

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## AFFIRMATIVE DEFENSES

1.    No coverage exists under the terms, conditions and exclusions under the

Policy.

2.    Plaintiff's claims are barred pursuant to the language of the applicable policy,

Section I – Property – A. Coverage, 4. Limitations, which provides in

pertinent part as follows:

> 4. Limitations
> a. We will not pay for loss of or damage to:
>      …

---

[1] That Plaintiff's Count II Bad Faith claim, and specifically paragraph 9 therein, "adopts and realleges" all prior allegations of the Complaint, thereby incorporating the Count I Breach of Contract claim into Count II, would normally run afoul of the Eleventh Circuit's abundant body of precedent on improper "shotgun" pleadings. However, under Alabama law, breach of the underlying insurance contact is an essential element of a "normal" bad faith claim. *See, e.g.*, *Madison County v. Evanston Ins. Co.*, 340 F. Supp. 3d 1232, 1267 (N.D. Ala. 2018). Defendant has thus opted to file an Answer because the incorporated allegations are part of the claim alleged.

> (5) The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>> (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or…[.]

3.      Plaintiff's claims are barred pursuant to the language of the applicable policy, Section I – Property – A. Coverage, 5. Additional Coverages, which provides in pertinent part as follows:

> 5. Additional Coverages
> f. Business Income
>> (1) Business Income
>> (a) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be cause by direct physical loss of or damage to property at the described premises. The loss or damage must be cause by or result from a Covered Cause of Loss…[.]

No coverage exists under this provision.

## **JURY DEMAND**

THE DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

WHEREFORE, the Defendant Lyndon Southern Insurance Company respectfully requests that the Court dismiss the Complaint with prejudice and award it attorneys' fees and cost, along with such other and further relief as is just and equitable.

Respectfully submitted on this day, March 14, 2023

/s/ *Andrew P. Walsh*
Andrew P. Walsh (asb-3755-w77w)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 Urban Center Dr., Ste. 450
Birmingham, AL 35242
(205)709-8990 Telephone
(205)709-8979 Facsimile
Andy.Walsh@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March 2023, the foregoing has been electronically filed utilizing the Court's CM/ECF system which will send electronic notification to the following counsel of record:

Mark W. Lee
PARSONS LEE & JULIANO, PC
600 Vestavia Parkway
Suite 300, Shelby Building
Birmingham, AL 35216
mlee@pljpc.com

/s/ *Andrew P. Walsh*
Andrew P. Walsh